1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10
11

12   ANGELES CHEMICAL COMPANY, INC., a          No. Civ. 06-80343 MMC (EDL)
     California corporation, et al.,
13                                              **ORDER GRANTING DEFENDANT**
                   Plaintiffs,                  **McKESSON CORPORATION'S**
14          v.                                  **MOTION FOR PROTECTIVE**
                                                **ORDER**
15   MCKESSON CORPORATION, a California
     corporation, et al.,
16
                   Defendants.
17

18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This matter came before the Court on Defendant McKesson Corporation's ("McKesson") Motion for a Protective Order [Docket No. 13].  Having read and considered the papers filed and the arguments presented to the Court on March 6, 2007, and being fully informed, the Court hereby GRANTS McKesson's Motion for a Protective Order.

The Court finds that Squire, Sanders & Dempsey LLP ("Squire Sanders") possesses documents created by or for McKesson which may be potentially protected from disclosure under the attorney-client privilege or the attorney work product doctrine.  McKesson provided these documents to Squire Sanders's predecessor-in-interest, Graham & James LLP in connection with McKesson's 1986 sale of certain assets of its McKesson Chemical Company ("MCC") operating division.  These McKesson documents are potentially responsive to Plaintiffs' Seventh Amended Notice of Subpoena Requesting Production of Documents Pursuant to FRCP 45 of Squire, Sanders & Dempsey, LLP ("Subpoena").

Plaintiffs assert that McKesson has waived any claims of attorney-client privilege or attorney work product protection over the documents in Squire Sanders's possession for a variety of reasons.  Based upon the Court's review of all of the papers and exhibits submitted, the Court holds that McKesson has not waived its claims of attorney-client privilege or attorney work product protection over these documents.

As a result of Squire Sanders's Motion to Quash the Subpoena, this Court has ordered Squire Sanders to produce certain limited categories of documents responsive to that Subpoena ("Responsive Documents").

Squire Sanders has already provided to McKesson approximately two boxes of documents, pursuant to McKesson's request, which are also responsive to the Subpoena.  After reviewing those documents, McKesson has claimed privilege over some and produced the rest to Plaintiffs.  As to those over which it claimed privilege, McKesson has produced to Plaintiffs:  (1) a privilege log identifying those documents not previously listed on any other privilege logs produced by McKesson in this matter ("SSD Privilege Log"); and (2) an index of those documents that have been previously listed on other privilege logs produced by McKesson in this

ORDER GRANTING McKESSON CORPORATION'S MOTION FOR PROTECTIVE ORDER

matter, identifying the log on which they were previously listed ("SSD Privilege Doc. Index").

Accordingly,

IT IS HEREBY ORDERED as follows:

1.      On or before April 5, 2007, Squire Sanders shall produce to McKesson any additional Responsive Documents, not yet produced to McKesson, to allow McKesson to review these documents for privilege prior to production to Plaintiffs.

2.      McKesson shall have three (3) days from the date of production of any such additional Responsive Documents to it by Squire Sanders in which to review the documents and produce to Plaintiffs any such documents not withheld for privilege.  With respect to additional documents withheld by McKesson from production to Plaintiffs under claim of privilege, if any, McKesson shall supplement the SSD Privilege Doc. Index and/or the SSD Privilege Log within 10 days of McKesson's receipt of additional documents from Squire Sanders.

3.      To the extent that Plaintiffs challenge McKesson's assertion of attorney-client privilege or work product protection over any particular document set forth in McKesson's SSD Privilege Log, such challenge shall be made in the United States District Court for the Central District of California, where the underlying matter is pending in *Angeles Chemical Co., Inc. at al. v. McKesson Corp., et al*., Case No. Civ. 01-10532 TJH (Ex).

IT IS SO ORDERED.

DATED:  March 15, 2007

By:_____

Honorable Elizabeth D. Laporte
United States Magistrate Judge
Northern District of California

*IT IS SO ORDERED
AS MODIFIED*

2