1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

11

ANGELES CHEMICAL COMPANY,
INC., a California corporation, et al.,

Northern District Miscellaneous Matter
Case No. C 06-80343 Misc MMC (EDL)

12

Plaintiff,

Case No.  01-10532 TJH (Ex)
Central District of California

13

vs.

14

MCKESSON CORPORATION, a
California corporation, et al.,

**ORDER ON NON-PARTY SQUIRE,
SANDERS & DEMPSEY LLP'S MOTION
TO QUASH OR, IN THE ALTERNATIVE,
MOTION FOR PROTECTIVE ORDER
REGARDING SEVENTH RULE 45
SUBPOENA OF PLAINTIFFS GREVE
FINANCIAL SERVICES, INC., ANGELES
CHEMICAL COMPANY, INC., AND JOHN
LOCKE**

15

16

Defendants.

17

18

19

Date:     March 6, 2007
Time:     9:00 a.m.
Dept.:    Courtroom E, 15th Floor

20

21

        Third-Party Subpoena Recipient Squire, Sanders & Dempsey L.L.P. ("SSD") motion for

22

an Order Quashing the Seventh Rule 45 Subpoena ("Subpoena") directed to SSD by Plaintiffs in

23

that certain case styled *Angeles Chemical Company, Inc. v. McKesson Corporation*, United States

24

District Court, Central District of California Action No.01 10532 TJH (Ex) (the "Underlying

25

Action") or, in the alternative, for an appropriate Protective Order, came for hearing before this

26

Court on March 6, 2007 at 9:00 am.

27

        The Court, having considered all of the papers submitted in connection with the motion

28

ORDER ON SQUIRE SANDERS' MOTION TO QUASH/MOTION
FOR PROTECTIVE ORDER RE SEVENTH SUBPOENA

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)

and having heard the argument of counsel, hereby orders as follows:

1.      SSD shall produce the following documents to Plaintiffs pursuant to the Subpoena, by producing them to McKesson as set forth in paragraph 7 herein:

      (a)      Documents received by Graham & James LLP from McKesson as part of the negotiations, due diligence and/or closing of the 1986 sales transaction, including any index or list of such documents received or prepared by Graham & James, LLP;

      (b)      Documents discussing or addressing the transmittal by Graham & James LLP to anyone of documents that were received by Graham & James LLP from McKesson as part of the negotiations, due diligence and/or closing of the 1986 sales transaction.

2.      As to category 1(a) above, the Subpoena does not call for production of any SSD attorney work product and/or SSD attorney-client communications.

3.      Any documents responsive to the category identified in paragraph 1(b), above, that are withheld or redacted for privilege by SSD shall be listed by SSD on a privilege log that is prepared in compliance with Magistrate Judge Laporte's standing Order re Discovery Procedures.

4.      If privileged or protected materials appear on otherwise responsive documents, the privileged or protected materials may be redacted from produced documents so long as they are clearly marked as "Redacted."  Redactions of SSD work product or SSD attorney-client communications on documents that are redacted and produced need not be itemized on a privilege log, but must be clearly marked as "Redacted – SSD."

5.      Multiple copies of identical documents need not be produced.  If one version of a document does not contain notes or markings and another version of the same document is identical but for notes or markings known or suspected to be SSD attorney work product or SSD attorney-client communications, the copy without notes or markings may be produced, without producing or itemizing the copy with notes or markings on a privilege log.

1    6.    SSD has 30 days, through and including April 5, 2007, to perform its review and

2    produce documents responsive to paragraph 1, above, and any necessary review by

3    Univar shall occur within this same 30-day time period.

4    7.    SSD shall produce the documents responsive to the categories identified in

5    paragraph 1(a) and (b), above, to McKesson on or before April 5, 2007.

6    8.    No cost-shifting is ordered at this time, but this order is without prejudice to a

7    future application for shifting of the costs of response to the Subpoena from SSD to

8    Plaintiffs.

9    9.    SSD shall certify that its search for and production of documents satisfies its

10    obligations under this Order and the Federal Rules of Civil Procedure on or before

11    April 19, 2007.

12

13    **IT IS SO ORDERED.**

14

15    Dated: March 22, 2007

16    _____
     ELIZABETH D. LAPORTE
     United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28