IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>MCKESSON CORPORATION, ET AL.,<br><br>        Defendant.<br>_____/ | No. C-06-80343 Misc MMC (EDL)<br>No. C-07-80123 Misc MMC (EDL)<br><br>**AMENDED ORDER RE MOTION TO COMPEL COMPLIANCE WITH MARCH 22, 2007 ORDER** |

    Now before the Court is Plaintiff Angeles Chemical Company's May 8, 2007 Motion to Compel third party Squire Sanders & Dempsey ("SSD") to comply with the Court's March 22, 2007 Order, which requires SSD to produce documents responsive to Angeles' subpoena and to produce a privilege log for responsive documents withheld on grounds of privilege. In accordance with the Court's March 22, 2007 Order, SSD produced documents and a privilege log to Angeles. Angeles subsequently challenged SSD's assertion of privilege as to certain entries on SSD's privilege log, specifically Nos. 2, 3, 4, 12, 14, 15, 16, 17, 21, 22, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 52, 53, 54, 55, 56, 57, and 58. Angeles asks the Court to compel production of these entries, which are responsive under the Court's March 22, 2007 Order, and to hold that SSD has waived all privilege over the challenged entries because SSD has failed to provide an adequate explanation of privilege. After reviewing the parties' submissions, the Court ordered an in camera review of the documents. See May 31, 2007 Order. After a careful review of the documents, the exhibits, and the parties' submissions, the Court hereby ORDERS as follows:

//

//

1  The Court holds that SSD has failed to support an assertion of privilege, and is ordered to
2  produce, the documents corresponding to Privilege Log Entry Nos. 2, 3 (except handwritten margin
3  notations may be redacted), 4, 16, 21, 24, 25, 26, 27, 28 (except handwritten margin entries may be
4  redacted), 29, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 47, 53, and 55.

5  The Court holds that SSD has failed to support an assertion of privilege, and is ordered to
6  produce, the documents corresponding to Privilege Log Entry No. 30, except that SSD may withhold
7  as privileged pages SSD014746 – 47.

8  The Court upholds SSD's assertion of privilege as to No. 12, with the exception of pages
9  13820-22, which SSD states were "inadvertently withheld."  See Gibson Decl., ¶ 19.  The Court also
10 upholds SSD's assertion of privilege as to Nos. 14, 15, 51, 52, 54, 56, 57, and 58.

11 The Court holds that SSD has failed to support an assertion of privilege, and is ordered to
12 produce, the documents corresponding to Privilege Log Entry No. 17, except that SSD may redact
13 the handwritten, final parenthetical of Paragraph 7 on page SSD 013881 as work product.

14 The Court holds that SSD has failed to support an assertion of privilege, and is ordered to
15 produce, the documents corresponding to Privilege Log Entry No. 22, except that SSD may redact
16 the handwritten notations on pages SSD 014273 and SSD 014275 as work product.

17 The Court cannot assess SSD's claim of privilege over Nos. 45 and 46 because SSD has
18 determined that these documents are not responsive.  The Court holds that the documents
19 corresponding to Nos. 44 and 47 are also not responsive and therefore need not be produced.  Non-
20 responsive documents do not need to be produced or logged as privileged; accordingly, the Court
21 orders nothing further as to these documents.

22 The Court upholds SSD's assertion of privilege over No. 48 in part, and orders SSD to
23 produce the document in redacted form, redacting only the final two paragraphs of the letter on page
24 SSD 015342.

25 Pursuant to the Court's May 31, 2007 Order, SSD is ordered to create a separate index of the
26 McKesson documents identified in the privileged documents or privileged portions of the documents
27 listed above, including information identifying the documents and the location of the documents as
28 last known by SSD, by 14 days from the date of this Order.  If the privileged documents refer to

1  McKesson materials on a box-by-box or file-by-file basis, rather than a document-by-document
2  basis, SSD is ordered to create an index and provide identification and location information for
3  relevant boxes and/or relevant files that are related to the 1986 transaction at issue.  The Court
4  overrules SSD's objection to this procedure (see SSD's Objections to/Requests for Clarifications, at
5  1:20-25), as it was SSD who proposed this compromise procedure as an alternative to producing the
6  documents themselves.  See Caufield Decl., Ex. R (April 24, 2007 Gibson letter).  If necessary to
7  preserve a privilege based on the "selection and compilation" of documents, SSD may reorder the
8  list of documents to camouflage the groupings of documents.

9       SSD is ordered to produce to McKesson the nonprivileged documents listed above, including
10 redacted versions of documents, within 7 days of this Order, so that McKesson may review the
11 documents for any privilege McKesson may assert.  McKesson is ordered to produce the documents
12 to Plaintiff within 7 days of McKesson's receipt of the documents.  Revised or Supplemental
13 privilege logs are due for SSD and for McKesson within 14 days of SSD's or McKesson's
14 respective production of the documents.

15 **IT IS SO ORDERED.**

17 Dated: August 2, 2007

                                                       ELIZABETH D. LAPORTE
                                                       United States Magistrate Judge